IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CLINTON HOWARD,

    Petitioner,
 vs.          **Case No. 04-3115-RDR**

U.S. BUREAU OF PRISONS,

    Respondent.

## MEMORANDUM AND ORDER

  This case has been remanded by the Tenth Circuit Court of Appeals for consideration of a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Specifically, the court must determine whether the Bureau of Prisons' refusal to produce and review a videotape of a fight between inmates, which the Tenth Circuit has termed a violation of petitioner's procedural due process rights, was "nonetheless harmless error." Doc. No. 24, p. 14.

Background

  Petitioner is a federal prisoner who was involved in a fight with another inmate at the United States Penitentiary in Florence, Colorado on December 9, 2001. Petitioner was administratively charged with attempted assault and possession of a weapon. After his cell was searched and drug paraphernalia was found, petitioner received another administrative charge. Separate disciplinary hearings upon the charges were conducted by the Unit Disciplinary

Committee on December 18 and December 26, 2001. At the hearing upon the assault and weapon possession charges, petitioner asked that prison officials review videotape records of the fight.

All of the charges were referred to a Disciplinary Hearing Officer who conducted a hearing on February 15, 2002. The Disciplinary Hearing Officer did not consider the purported videotape evidence. The charges against petitioner were sustained. Petitioner lost good-time credit and suffered other administrative penalties.

Petitioner filed the case at bar while he was an inmate at the United States Penitentiary at Leavenworth, Kansas. He has since been transferred to the Federal Correctional Institution at Atlanta, Georgia. Petitioner claims that his rights to due process under Wolff v. McDonnell, 418 U.S. 539, 556 (1974) were violated.

### Prior proceedings before this court and the Tenth Circuit

Before this court, petitioner raised arguments relating to the denial of witnesses he requested and the sufficiency of the evidence as to the drug paraphernalia charge. These arguments were denied by this court and affirmed on appeal. Petitioner also argued that the refusal to produce and review a videotape of the alleged assault violated his due process rights. This court rejected that argument. The Tenth Circuit reversed this holding and ordered a limited harmless error consideration upon remand.

### Post-remand arguments

After remand, respondent filed a supplemental answer and return. Respondent relies upon the declaration of Robert Roy in this document. According to his declaration, Roy is a special investigative services telephone monitor at the Federal Correctional Complex at Florence, Colorado. He has held this position since August 2000. Part of his job is to assist in conducting investigations for cases presented to the Disciplinary Hearing Officer. His duties require him to review all institution video cameras to investigate inmate misconduct and for general surveillance. It is also his duty to maintain and track videotape evidence in response to potential or ongoing inmate misconduct investigations.

Roy states that he was involved in the investigation of the December 9, 2001 incident which led to petitioner's loss of good-time credits. He states that a review of the investigative file did not reveal any videotape footage in connection with the incident. He concludes that no cameras recorded the incident since no videotape evidence was preserved.

Roy further states that the security cameras closest to the location of the incident on December 9, 2001 did not record sound and only recorded video in three-second increments - - recording for three seconds, then pausing for three seconds. These were stationary cameras that only viewed an area approximately eight feet wide. Other cameras which may have existed at the time also

3

recorded in three-second increments and may not have viewed the area of the incident.

Roy concludes in his declaration that his investigation of the incident in this case would have involved a review of the video camera footage and, since there is no preserved videotape and no indication of its existence in the files, that there is no videotape recording of the incident. Roy further notes that any videotape which was not collected and preserved for an investigation was "re-recorded over" once per week. Thus, if a camera did record the incident, the videotape would have been recorded over by December 16, 2001 if the tape was not preserved.

Finally, in the supplemental answer respondent notes that petitioner filed an administrative claim with the BOP regarding the incident. In the administrative claim, petitioner alleged that he was injured and deserved compensation because of the government's failure to provide security. Petitioner states in the claim, dated June 24, 2002, that there was no camera showing the area where the fight occurred.

Petitioner disputes the truth of statements made in support of respondent's supplemental answer and return. He claims that cameras record every event which occurs as individuals enter or exit the area where the incident took place and suggests that the situation represented by BOP officers would be different if a guard had been assaulted in the same location. He claims that

4

correctional officer J. Hash, who wrote a report of the incident, was not there to witness what happened and fabricated his report. Finally, petitioner states that he believed there were cameras that recorded the incident at the time of the disciplinary hearings and that he made reference to the cameras before the Unit Disciplinary Committee when he asked "Mr. Harrison to review the 'tapes.'" Doc. No. 27-1, Ex. 3, Attachment D. He explains that he said in 2002 that no cameras recorded the incident only after he was told in his disciplinary hearing four months earlier that no camera viewed what happened.

Harmless error

"[T]he test for determining whether a constitutional error is harmless . . . is whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Neder v. United States, 527 U.S. 1, 16 (1999) (quoting Chapman v. California, 386 U.S. 18, 24 (1967)). As further explained in Kotteakos v. United States, 328 U.S. 750, 765 (1946):

> But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand.

After a careful review, the court concludes that any violation of petitioner's procedural due process rights must be considered

5

harmless error. The court is firmly convinced that the refusal to produce and review videotape from the security cameras did not affect petitioner's substantial rights or the verdict of the disciplinary hearing officer. The most persuasive evidence before the court demonstrates: 1) that the security cameras at the institution did not record pertinent footage of the incident; and 2) any recording made by the cameras at the institution was recorded over and destroyed before petitioner requested that the tapes be produced and examined. Petitioner's assertions are self-serving, unsupported generalizations or rhetorical questions that do not provide adequate grounds for an evidentiary hearing or a contrary conclusion. See David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) (an evidentiary hearing requires more than a proffer of generalities and self-serving hints); U.S. v. Fishel, 747 F.2d 271, 273 (5th Cir. 1984) (a hearing is not required on unsupported generalizations). Finally, petitioner's other arguments regarding the witnesses and evidence relating to the disciplinary charges are not relevant to the limited issue on remand. See U.S. v. Webb, 98 F.3d 585, 587 (10th Cir. 1996) cert. denied, 519 U.S. 1156 (1997) (the mandate rule requires that the district court conform with the articulated appellate remand). Even considering those arguments, the court is convinced that petitioner's substantive rights were not affected by the government's refusal to produce or review any tapes from security cameras in the vicinity of the incident.

Conclusion

For the above-stated reasons, the court shall dismiss the petition for writ of habeas corpus.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2010 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge